IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

HOLLY M. DUFF,

      Plaintiff,

v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security
Administration,

      Defendant.

Case No. 13-CV-02466-DDC

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff's "Motion for 42 U.S.C. § 406(b) Fees" (Doc. 23). Plaintiff seeks attorney's fees in the amount of $12,296.25 under 42 U.S.C. § 406(b). For the following reasons, the Court grants plaintiff's motion for attorney's fees, and awards reasonable attorney's fees of $12,296.25. The Court also orders plaintiff's counsel, once he receives his $12,296.25 in attorney's fees from the Commissioner, to refund the smaller fee amount ($6,000) he received under the Equal Access to Justice Act ("EAJA").

**Factual Background**

Plaintiff hired counsel to prosecute her claim for social security benefits on a standard contingency basis of 25% of past due benefits. Doc. 23-1. Plaintiff filed a Complaint in our court appealing from the administrative decision denying her disability insurance and supplemental security income benefits. Doc. 1. Judge Rogers reversed the decision of the Commissioner, and remanded the case to the Social Security Administration for a new hearing. Doc. 18. Judge Rogers also awarded attorney's fees of $6,000 under the EAJA. Doc. 22.

1

On July 8, 2015, the Commissioner awarded past due benefits totaling $49,618.20, under Title XVI.  Doc. 23-3.  Plaintiff now seeks attorney's fees in an amount that is slightly less than 25% of the past due benefits, or $12,296.25.  On July 20, 2015, the Commissioner awarded another $437.10 in past due benefits under Title II.  Doc. 23-2.  Plaintiff's counsel has submitted documentation showing that he spent 34.3 hours working on this case.  Doc. 23 at 5-6.  Plaintiff's counsel also acknowledges that 42 U.S.C. § 406(b) requires the Court to credit the amount received in EAJA fees against an attorney's fee award.  Doc. 23 at 3.

The Commissioner has filed a response to plaintiff's motion, stating that the government does not oppose a fee award for the total amount of $12,296.25.  Doc. 26.  But, the Commissioner also asks the Court to order plaintiff's counsel to refund the fees awarded under the EAJA, if the Court awards attorney's fees under § 406(b).  *Id.*

**Legal Standard**

Title 42 U.S.C. § 406(b) provides that "[w]henever a court renders a judgment favorable to a claimant . . . the court may determine and allow as part of its judgment a reasonable [attorney] fee . . . not in excess of 25 percent of the total of the past-due benefits."  A district court may award § 406(b) fees along with a remand for further proceedings, but the claimant must be eventually awarded past due benefits.  *McGraw v. Barnhart*, 450 F.3d 493, 503 (10th Cir. 2006).  The amount awarded under § 406(b) is left to the sound discretion of the court.  *Id.* at 505; *see also Gordon v. Astrue*, 361 F. App'x 933, 934 (10th Cir. 2010) (explaining that "a district court enjoys considerable discretion in the setting of a fee award for the work done before it").

The Supreme Court has held that contingent fee agreements between a plaintiff and her counsel must be reasonable under the circumstances of the particular case, but are not displaced

2

by § 406(b). *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Still, fees cannot exceed the 25 percent provided by the statute. *Id.* A request is unreasonable and the court must reduce fees in the following situations: "(1) when 'the character of the representation and the results the representative achieved' were substandard; (2) when 'the attorney is responsible for delay' that causes disability benefits to accrue 'during the pendency of the case in court'; and (3) when 'the benefits are large in comparison to the amount of time counsel spent on the case.'" *Gordon*, 361 F. App'x at 935 (quoting *Gisbrecht*, 535 U.S. at 808).

## Analysis

Using the factors described above to determine reasonableness, the Court first examines the contingent fee agreement between plaintiff and her counsel. In the event of a favorable decision, the agreement requires plaintiff to pay 25 percent of past due benefits. Doc. 23-1. Counsel now requests $12,296.25 in attorney's fees—an amount slightly less than 25% of the back benefits. Doc. 23. Plaintiff's counsel asserts that this amount satisfies all statutory requirements, and the Court considers the *Gisbrecht* factors to determine whether counsel's request is reasonable.

First, counsel asserts he obtained a favorable result for plaintiff because Judge Rogers reversed the decision denying plaintiff's application for benefits and remanded the case to the Commissioner. After remand, the Commissioner awarded her $49,185.00 in past due benefits. The Court agrees with plaintiff's counsel. He achieved a favorable result which supports the reasonableness of the fee award.

Second, no evidence exists suggesting that counsel delayed the case in any fashion. This factor also supports the requested fee award.

Finally, plaintiff's counsel submitted time records showing he spent 34.3 hours working on this case. If awarded the full $12,296.25, counsel's hourly rate would equal $358.50. This is within the range of fees that the Tenth Circuit and our court have found reasonable in other social security cases. *See, e.g.*, *Russell v. Astrue*, 509 F. App'x 695, 697 (10th Cir. 2013) (affirming attorney's fee award based on an hourly rate of $422.92 because it was "not beyond the bounds of reasonable judgment or permissible choice"); *Roland v. Colvin*, No. 12-2257-SAC, 2014 WL 7363016, at *1 (D. Kan. Dec. 23, 2014) (holding that a fee award representing an hourly fee of $346.28 for 30.5 hours of work was reasonable); *Bryant v. Colvin*, No. 12-4059-SAC, 2014 WL 7359023, at *1 (D. Kan. Dec. 23, 2014) (approving $418.28 as an hourly fee); *Smith v. Astrue*, No. 04-2197-CM, 2008 WL 833490, at *3 (D. Kan. Mar. 26, 2008) (approving an hourly rate of $389.61); *Vaughn v. Astrue*, Case No. 06-2213-KHV, 2008 WL 4307870, at *1-2 (D. Kan. Sept. 19, 2008) (concluding that a fee request resulting in an hourly rate of $965.24 was "exorbitant" and reducing the award to a reasonable rate of $344.73).

*Gisbrecht* also cautions that "if the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order." 535 U.S. at 808. The calculated hourly rate does not grant a windfall to plaintiff's counsel. The Court thus need not reduce the full fee award sought.

The Commissioner also asks the Court to order plaintiff's counsel to refund to plaintiff the smaller fee amount received under the EAJA. This request complies with the Supreme Court's directive requiring that attorneys awarded fees under both the EAJA and § 406(b) refund the smaller fee to the claimant. The Court thus orders plaintiff's counsel to refund $6,000 because this EAJA award is smaller than the fee awarded under § 406(b).

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's "Motion for 42 U.S.C. § 406(b) Fees" (Doc. 23) is granted.  Plaintiff's attorney, Roger M. Driskill, is entitled to $12,296.25 in fees under 42 U.S.C. § 406(b).  The Commissioner shall pay the fees from the amount which she is withholding from plaintiff's past due benefits.  The Commissioner shall pay the remainder of withheld benefits to plaintiff.

**IT IS FURTHER ORDERED THAT** plaintiff's counsel, Roger M. Driskill, after he receives $12,296.25 in attorney's fees from the Commissioner, shall refund to plaintiff $6,000 which he received as fees under the Equal Access to Justice Act.

**IT IS SO ORDERED.**

**Dated this 20th day of July, 2016, at Topeka, Kansas.**

                                                **s/ Daniel D. Crabtree**
                                                **Daniel D. Crabtree**
                                                **United States District Judge**